# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JUSTIN L. MARINO, | : | MOTION TO VACATE |
| BOP No. 55184-060, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-2027-RWS-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:06-CR-457-RWS-ECS |

## **ORDER**

Proceeding *pro se*, Justin L. Marino filed a "Habeas Corpus Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. §§ 2255(f)(3) and 2255(f)(4)" [57]. Magistrate Judge E. Clayton Scofield III reviewed Marino's § 2255 motion and issued a Final Report and Recommendation ("Final R&R") [58] recommending that the motion be dismissed as time-barred. Marino filed objections [60]. For the following reasons, Marino's objections will be overruled and the Final R&R will be approved and adopted as the order of this Court.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotations marks and citation omitted). Where no objection to the Final R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*,

208 F. App'x 781, 784 (11th Cir. 2006). Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

The Court has conducted a careful review of the Final R&R and Marino's objections thereto. Having done so, the Court finds that Magistrate Judge Scofield's factual and legal conclusions were correct and that Marino's objections have no merit.

The Final R&R concluded that the § 2255 motion filed in this case was untimely because far more than one year passed between the date Marino's conviction became final in 2007 – after time expired for him to file a direct appeal – and the date he filed his § 2255 motion in 2012. *See* 28 U.S.C. § 2255(f)(1). Magistrate Judge Scofield considered whether any of the circumstances that toll the running of the statute of limitations applied, *see id.* at (f)(2)-(4), and determined that they did not.

Marino argues in his objections that (1) his conviction did not become final until October 2011, when the Supreme Court denied his petition for a writ of certiorari relating to the "Motion to Reduce Criminal History Category" that he filed in this

2

Court in 2010; (2) he is in any event entitled to rely on the starting dates in § 2255(f)(3)-(4) to determine whether his § 2255 motion is timely in light of the United States Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012); and (3) that Magistrate Judge Scofield issued the Final R&R with "all too rapid turnaround." [60 at 1-3]. Those objections are without merit.

First, Marino's "Motion to Reduce Criminal History Category" [46], which he filed in 2010, long after his conviction and sentence had become final in 2007, was a collateral attack, not a direct appeal. It did not extend his time for filing a § 2255 motion. Marino's delay from 2007 to 2012 in filing his § 2255 motion made it untimely.

Second, contrary to Marino's objection, Magistrate Judge Scofield did not treat Marino's § 2255 motion as a second or successive motion. Rather, Magistrate Judge Scofield very clearly indicated that he found the Eleventh Circuit's decision in *In re Perez*, 682 F.3d 930 (11th Cir. 2012) – which held that the United States Supreme Court's decisions in *Lafler* and *Frye* did not create a "new rule of constitutional law" for purposes of § 2255(h)(2) – to be *persuasive* authority in interpreting the substantially similar language regarding "newly recognized" constitutional rights in

§ 2255(f)(3). This Court concurs. In any event, even assuming that *Lafler* and *Frye* created "newly recognized" constitutional rights, that would still not qualify as a "watershed rule" change, which is required for tolling under § 2255(f)(3). *See Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1208-09 (11th Cir. 2012).

Third, Marino complains that it "is suggestive of prejudgment and/or predisposition" that Magistrate Judge Scofield issued a Final R&R the same week that Marino filed his § 2255 motion. To the contrary, because it is plain from the record that Marino's § 2255 motion is untimely, Magistrate Judge Scofield did not err in promptly issuing the Final R&R.

Each of Marino's objections is **OVERRULED**. The Final R&R [58] is hereby **APPROVED AND ADOPTED** as the Order of this Court, including the recommendation that no certificate of appealability be issued.

**SO ORDERED**, this  31st  day of May, 2013

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)